UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY RICHARD FIELDS JR.,

        Petitioner,

v.

        CASE NO. 07-CV-15089
        HONORABLE GERALD E. ROSEN

CINDI S. CURTIN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Petitioner Anthony Fields ("Petitioner"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of arson, Mich. Comp. L. § 750.73, and felony murder, Mich. Comp. L. § 750.316, and sentenced to terms of 4 years 6 months to 10 years imprisonment and life imprisonment without the possibility of parole. In his petition, Petitioner raises claims concerning the ineffective assistance of trial counsel. For the reasons stated herein, this Court concludes that Petitioner was not denied effective assistance of counsel at trial. Therefore, the petition for writ of habeas corpus will be denied.

**II. FACTS AND PROCEDURAL HISTORY**

Petitioner's convictions arise from the robbery and arson of a gun shop on August 3, 2004 which resulted in the death of Clyde Alexander. The Michigan Court of Appeals set forth the underlying facts of the crime, which are presumed correct on habeas review. *Monroe v.*

1

*Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*. 41 Fed. Appx. 730 (6th Cir. 2002).

The Court of Appeals stated:

> Defendant's accomplice, Clifford Young, testified against him in exchange for a plea agreement whereby he was charged as a juvenile rather than an adult. Young's testimony provided most of these relevant facts at trial. On August 3, 2004, defendant and Young entered a gun shop in Inkster, Michigan, with intent to steal weapons from the store. Defendant entered the shop through the front door and let Young in through the back door. Several other individuals waited outside in two cars, one of which Young had stolen that morning. Young made several trips out to the cars with weapons, and in between trips, while in the shop, saw defendant fighting with the gun shop owner, Clyde Alexander. Young saw defendant punch Alexander in the face, knocking him to the ground. Defendant then sprayed something onto a counter. Young then left the store.
>
> That afternoon, a police detective and an ATF agent responded to a report that the gun shop was on fire. After the fire was extinguished, they found a body in the shop. The body was identified as Alexander. The autopsy report indicated he had been beaten, but was alive and bound at the left wrist when the fire started, and died from smoke inhalation and extensive burns.
>
> Approximately 80 firearms were unaccounted for once inventory was taken. One of these weapons was recovered when an individual named Anthony Williams was arrested on August 4, 2004, for carrying a concealed weapon. Williams stated he had purchased this weapon from defendant.
>
> About a month after the fire, Alexander's credit card was used at a gas station. A police officer and an ATF agent investigated and were able to obtain photographs from the station of the person using the card and the vehicle he was driving. The officers were conducting surveillance at the gas station on September 17, 2004, when the vehicle returned. The officers determined that the vehicle was stolen and that the driver was the person who had used Alexander's credit card, although he did not have it with him on that day.
>
> Against the weight of this evidence, all of which was presented at trial, defendant produced two alibi witnesses. However, their testimony was contradicted by that of other witnesses at trial. Defendant was subsequently convicted by jury.

*People v. Fields*, No. 262081, 2006 WL 2271263 (Mich. Ct. App. Aug. 8, 2006)

(unpublished).

Petitioner appealed his convictions and sentence as of right with the Michigan Court of Appeals, raising a claim of ineffective assistance of counsel. The Michigan Court of Appeals affirmed his convictions and sentence. *Id*. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Fields*, 477 Mich. 951, 723 N.W.2d 864 (2006).

Petitioner has filed his petition for habeas relief based on two arguments of ineffective assistance of counsel. First, he claims that trial counsel failed to attack the credibility of Clifford Young, the main witness for the prosecution, during cross examination. Second, he claims that trial counsel failed to adequately investigate the alibi witnesses whose testimony was rebutted by a prosecutorial witness. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case since Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings

of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

The AEDPA also requires that a federal court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Id.*; *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner asserts that he is entitled to habeas relief because he was denied the effective assistance of counsel at trial. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test to determine whether a habeas petitioner received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance fell "below an objective standard of reasonableness." *Id.* at 669. The petitioner must therefore illustrate that counsel made errors so serious that he or she was not functioning as an effective counsel guaranteed by the Sixth Amendment. *Id.* at 687. As for the second prong of the test, the petitioner must establish that counsel's deficient performance prejudiced the defense. The petitioner must illustrate that counsel's errors were so severe that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Hence, the petitioner

5

bears the burden of overcoming the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. The primary "focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**A.  Impeachment of Clifford Young**

Petitioner first asserts that counsel was ineffective for failing to impeach the credibility of prosecution witness Clifford Young. A failure of trial counsel to cross-examine a prosecution witness can, in certain circumstances, constitute ineffective assistance of counsel. *See Hence v. Smith*, 37 F. Supp. 970, 983 (E.D. Mich. 1999). Yet, "courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Millender v. Adams*, 187 F. Supp. 2d 852, 870 (E.D. Mich. 2002). "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). Since the reasonableness of counsel's performance is judged without "the distorting effect of hindsight" then "strategic choices made after thorough

investigation of law and facts relevant to plausible options are virtually unchallengeable…." *Strickland*, 466 U.S. at 689-90.

Applying the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim. The court determined that, contrary to Petitioner's claim, trial counsel conducted a vigorous cross-examination of Clifford Young and performed in an objectively reasonable manner. The Court of Appeals explained: "At one point during questioning, the exchange between defense counsel and Young became so intense that the trial court cautioned defense counsel not to argue with Young." *Fields*, 2006 WL 2271263 at *2.

Having reviewed the record, this Court agrees that counsel sufficiently cross-examined Young and made reasonable efforts to impeach his credibility. Trial counsel questioned Young about his criminal history, his motive to avoid a maximum security prison by cooperating with the police, his deal to testify and be charged as a juvenile and avoid life sentence, and the fact that he had initially lied to the police about the incident and then later contacted the police with information implicating Petitioner in the crime. It is unclear what more trial counsel could have done to further impeach Young's credibility. Petitioner has not proffered additional information that counsel should have uncovered during cross-examination which would have benefitted his case. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 Fed. Appx. 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 Fed. Appx. 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Trial counsel's cross-examination of Clifford Young falls securely within the range of

7

reasonableness. *See, e.g., Vasquez v. Jones*, 496 F.3d 564, 578 (6th Cir. 2007); *Hence*, 37 F. Supp. 2d at 983; *Dell*, 194 F. Supp. 2d at 651. Petitioner has failed to establish that trial counsel was deficient in questioning Clifford Young, nor has he shown that he was prejudiced by counsel's performance so as to satisfy the *Strickland* standard. Habeas relief is not warranted on this claim.

## B.  Alibi Witness Investigation

Petitioner next asserts that counsel was ineffective for failing to adequately interview and investigate alibi witnesses Alicia Hall, Petitioner's girlfriend, and Paul Hall, Petitioner's friend and Alicia's brother, because their testimony was rebutted at trial. The Michigan Court of Appeals described the situation as follows:

> The witnesses testified that they remembered that defendant was with them on the morning of August 3, 2004 specifically because Paul had an eye doctor appointment that day. The eye doctor testified that Paul's appointment was on August 2. However, according to the only record evidence of investigation of the alibi witnesses, the first time these witnesses mentioned the eye doctor appointment was when they testified at trial.

*Fields*, 2006 WL 2271263 at *3.

Decisions as to what evidence to present and whether to call certain witnesses are presumed to be a matter of trial strategy. *See Chegwidden*, 92 Fed. Appx. at 311; *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). However, defense counsel must conduct a reasonable investigation into the facts of a defendant's case or make a reasonable determination that such investigation is unnecessary. *See Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at 691; *Stewart*, 468 F.3d at 356; *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *O Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). "American Bar Association standards ... also mandate counsel's duty to investigate all leads relevant to the merits of the case." *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987); *see also Rompilla v. Beard*, 543 U.S. 374, 387

8

(2005) (noting that the ABA standards provide guidance for determining the reasonableness of counsel's conduct). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." *Towns*, 395 F.3d 251 at 258. "A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." *Id*. (quoting *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991)). Inattention or negligence, as opposed to reasoned strategic judgment, is inexcusable. *See Wiggins*, 539 U.S. at 526; *Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992).

The Michigan Court of Appeals denied relief on this claim, finding that Petitioner had failed to establish a factual basis for his challenge to counsel's out-of-court investigation of the alibi witnesses. *Fields*, 2006 WL 2271263 at *2. The court further indicated that trial counsel was not deficient for relying on Petitioner's and the witnesses' assurances as to the truthfulness of the alibi and that counsel did not have a duty to "actively investigate for witnesses who could disprove it." *Id*. at 3.

The Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. There is no evidence that trial counsel failed to conduct a reasonable investigation. As Alicia Hall's and Paul Hall's testimony illustrates, both witnesses chose to remain silent until late in the criminal proceedings. When asked why they never went to the police earlier with their explanation of Petitioner's whereabouts at the time of the crime, Paul Hall simply replied, "I don't know" and Alicia Hall replied, "I didn't know what to do." Petitioner provides no evidence that trial counsel could have or should have suspected that Paul Hall or Alicia Hall had anything to contribute to the defense prior to their coming forward. More importantly, Petitioner provides no evidence that trial counsel knew or had

9

reason to know about the eye doctor appointment aspect of their alibi testimony before trial. As noted, conclusory allegations of ineffective assistance, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Hutchison*, 303 F.3d at 748 (holding that the petitioner failed to establish that counsel's performance was unreasonable because he did not provide any evidence and the record was similarly silent); *see also Martin v. Mitchell*, 280 F.3d 594, 608 (6th Cir. 2002) (holding that the petitioner failed to show ineffective assistance since he did not demonstrate "how the retention of experts, an examination of [a witness's] statement, and contacting and/or interviewing his family members would have been beneficial to his defense"). Petitioner has failed to provide factual support for this claim.

Additionally, it appears from the record that the witnesses first mentioned the eye doctor appointment when they testified at trial. If Petitioner and/or the Halls failed to provide counsel with such information before trial, counsel cannot be deemed deficient for failing to inquire into its accuracy. Nothing in the record indicates that trial counsel had any warning prior to the witnesses testifying that their stories could be inaccurate. As the Court of Appeals stated, "while defense counsel might have been better served by not accepting the word of the defendant and the alibi witnesses as to the truth of the alibi, we cannot say that counsel had a duty to actively investigate for witnesses who could disprove it." *Fields*, 2006 WL 2271263 at *3; *see also Eady v. Morgan*, 515 F.3d 587, 598 (6th Cir. 2008) (if the attorney had "no reason to question the authenticity, accuracy, or relevance of particular items of the prosecution's evidence, the attorney's choice not to investigate those aspects of that evidence is not unreasonable").

Alternatively, trial counsel may very well have decided after investigating that the alibi witnesses would benefit Petitioner, by creating reasonable doubt, even if their testimony was disputed. Such a decision is entitled to deference. In fact, if counsel had *not* called the Halls as

10

alibi witnesses, such an action may have itself constituted ineffective assistance of counsel. *See Ramonez v. Berghuis*, 490 F.3d 482, 490 (6th Cir. 2007) (stating that "all it would have taken is for 'one juror [to] have struck a different balance' between competing stories" to make the counsel's performance effective) (citing *Wiggins*, 529 U.S. at 537, which held that counsel was ineffective for failing to call corroborating alibi witnesses); *accord Washington v. Smith*, 219 F.3d 620, 634 (7th Cir. 2000) (ruling that counsel's failure to present corroborating alibi witnesses to counter the prosecution's identification testimony was prejudicial even though the jury had considered and rejected the defendant's alibi); *Smith v. Dretke*, 417 F.3d 438, 443-44 (5th Cir. 2005) (finding ineffective assistance where counsel failed to present witness to corroborate the petitioner's self-defense claim). In other words, counsel may have reasonably determined that offering imperfect alibi testimony was better than presenting no alibi testimony. *See Ramonez*, 490 F.3d at 491. Counsel cannot be deemed ineffective simply because his strategy was ultimately unsuccessful. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *see also Millender*, 187 F. Supp. 2d at 872 (quoting *Cardwell v. Netherland*, 971 F. Supp. 997, 1019 (E.D. Va. 1997), which held that "counsel's failure to employ a trial strategy that, in hindsight, might have been more effective does not constitute unreasonable performance for purposes of an ineffective assistance of counsel claim"). In any event, as noted by the Michigan Court of Appeals, Petitioner has "failed to establish a factual predicate showing that defense counsel's investigation of the alibi witnesses was incomplete," *Fields,* 2006 WL 2271263 at *3. He has thus failed to demonstrate that counsel was deficient in this regard.

Nonetheless, even if trial counsel was deficient in his cross-examination of Young or his investigation of the Halls' alibi testimony, Petitioner has failed to demonstrate a reasonable

11

probability that further cross-examination or investigation would have affected the result of the proceeding. *See Moss*, 286 F.3d at 866. As the Michigan Court of Appeals explained:

> Given Young's incriminating testimony that he saw defendant fighting with Alexander while Young and defendant were stealing guns from the gun shop, the gas station photographs showing defendant using Alexander's credit card after Alexander had died, and Detective Anthony Delgreco's discovery that the gun defendant sold to Anthony Williams was a gun unaccounted for during the police inventory of the gun shop, we find there is not a reasonable probability that any failure on the part of defense counsel to address Young's credibility or further investigate the alibi witnesses was outcome determinative.

*Fields*, 2006 WL 2271263 at *3. This decision is reasonable. Given the significant evidence of guilt presented at trial, Petitioner cannot demonstrate that he was prejudiced by defense counsel's allegedly deficient performance. Petitioner has failed to establish that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Anthony Fields is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if

it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find the Court's procedural ruling that the petition is untimely and cannot be saved by the doctrine of equitable tolling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

                                                 s/Gerald E. Rosen
                                                 Chief Judge, United States District Court

Dated: July 31, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on   July 31, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                Andrew L. Shirvell                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
    Anthony Richard Fields, Jr., #516680, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846                  .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (313) 234-5137